United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD MADRIGAL, et al.,

       Plaintiffs,

  v.

ONEWEST BANK, et al.,

       Defendants

_____/

No. C-09-3436 MMC

**ORDER GRANTING DEFENDANT ONEWEST BANK'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is defendant OneWest Bank, FSB's ("OneWest") "Motion To Dismiss Plaintiffs' Complaint For Failure To State A Claim Upon Which Relief Can Be Granted Or, In The Alternative, For A More Definite Statement," filed September 22, 2009. Plaintiffs Edward Madrigal and Teresa Madrigal ("Madrigals") have filed opposition, to which OneWest has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective papers, VACATES the hearing scheduled for October 30, 2009, and rules as follows.

**BACKGROUND**

In their complaint, the Madrigals allege that, on November 28, 2006, they "entered into a "closed-end consumer credit transaction wherein they refinanced the loan on their principal residence [in] Brisbane, CA 94005 with [d]efendant OneWest."  (See Compl. ¶ 8.)

1   According to the Madrigals, the loan they obtained in November 2006 had "Negative

2   Amortization features," and the "Truth In Lending Act Disclosure Statement" did not

3   "mention" that the loan had such features.  (See Compl. ¶ 11.)  Further, the Madrigals

4   allege, "other disclosures in the loan documentation [made] it unclear that Negative

5   Amortization [would] occur."  (See Compl. ¶ 11.)  Based on such allegations, the Madrigals

6   allege a claim for rescission under the Truth in Lending Act ("TILA"), as well as a claim for

7   injunctive relief and restitution under § 17200 of the California Business and Professions

8   Code.

9                                    **DISCUSSION**

10  **A.  First Cause of Action**

11       In the First Cause of Action, the Madrigals allege a violation of TILA.  OneWest

12  argues the Madrigals have failed to allege sufficient facts to support a finding that OneWest

13  is a proper party to a claim under TILA.

14       The requirements imposed by TILA apply to a "creditor."  See 15 U.S.C. § 1640(a).

15  A "creditor," for purposes of TILA, is "a person who both (1) regularly extends, whether in

16  connection with loans, sales of property or services, or otherwise, consumer credit which is

17  payable by agreement in more than four installments or for which the payment of a finance

18  charge is or may be required, and (2) is the person to whom the debt arising from the

19  consumer credit transaction is initially payable on the face of the evidence of indebtedness

20  or, if there is no such evidence of indebtedness, by agreement."  See 15 U.S.C. § 1602(f).

21  Additionally, if a consumer "has a right to rescind a transaction under [TILA]," the consumer

22  may "rescind the transaction as against any assignee of the obligation."  See 15 U.S.C.

23  § 1641(c).

24       Here, the Madrigals argue they can proceed against OneWest based on their

25  allegations that, in November 2006, they entered into the subject loan agreement with

26  OneWest (see Compl. ¶ 8), and that OneWest "originated" the subject loan (see Compl.

27  ¶ 12).  These allegations, however, are expressly contradicted by the exhibits attached to

28  the complaint.  Specifically, Exhibit A to the complaint, a document titled "Adjustable Rate

                                          2

1   Note," identifies the "lender" as IndyMac Bank, F.S.B. ("IndyMac"), and Exhibit B to the

2   complaint, a document titled "Truth In Lending Disclosure Statement," identifies the

3   "creditor" as IndyMac.  Consequently, Madrigal's conclusory allegations that OneWest was

4   the lender are insufficient to avoid dismissal.  See Steckman v. Hart Brewing, Inc., 143 F.3d

5   1293, 1295-96 (9th Cir. 1998) (holding court "not required to accept as true conclusory

6   allegations which are contradicted by documents referred to in the complaint").

7          The Madrigals also rely on their allegation that OneWest is the "successor by

8   acquisition of Indy[M]ac."  (See Compl. ¶ 5.)  Although such allegation can reasonably be

9   interpreted as asserting that the assets held by IndyMac at the time of the acquisition

10  became the assets of OneWest, the complaint, as OneWest points out, fails to allege that

11  IndyMac was the owner of the subject obligation at the time OneWest acquired the assets

12  of IndyMac.  Consequently, the Madrigals have failed to allege any facts to support a

13  finding under § 1641(c) that OneWest is the assignee of the Madrigals' obligation.[1]

14         Finally, the Madrigals rely on their allegation that OneWest has "serviced" the

15  subject loan (see Compl. ¶ 12), and argue, citing Miranda v. Universal Financial Group, 459

16  F. Supp. 2d 760 (N.D. Ill. 2006), that loan servicers can be held liable for TILA violations.

17  As the district court in Miranda explained, however, "a servicer who was the owner of the

18  loan at one time . . . may be treated as an assignee under TILA."  See id. at 765.  Here, as

19  discussed above, the Madrigals have failed to allege any facts to support a finding that

20  OneWest, at any time, has been the owner of the loan.

21         Consequently, the Madrigals have failed to state a TILA claim against OneWest.

22  //

23  //

24  _____

25        [1]In its motion, OneWest asserts that "Indy[M]ac divested its ownership interest in the
    Note to a securitized trust well before [OneWest] entered the picture," and that, thereafter,
26  "Indy[M]ac, under the control of the FDIC, continued to service the Note until such servicing
    rights were transferred to [OneWest] in early 2009."  (See Def.'s Mot. at 3:7-11.)
27  Such allegations are not cognizable on a motion to dismiss.  See Lee v. City of Los
    Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001) (holding, where defendant challenges legal
28  sufficiency of pleading pursuant to Rule 12(b)(6), court's review is "limited to the complaint"
    and "factual challenges to a plaintiff's complaint" may not be considered).

1    Moreover, because the complaint includes no facts to support a finding that the

2    other named defendant, specifically, United Financial Mortgage Corporation ("United"),[2] is a

3    creditor, within the meaning of TILA, or an assignee of the subject obligation, the Madrigals

4    likewise have failed to state a TILA claim against United.  See Silverton v. Department of

5    Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding court may "dismiss an action as to

6    defendants who have not moved to dismiss where such defendants are in a position similar

7    to that of moving defendants").[3]

8    Accordingly, the First Cause of Action is subject to dismissal.

9    **B.  Second Cause of Action**

10    In the Second Cause of Action, the Madrigals allege defendants have committed

11    "fraudulent, deceptive, unfair, and other wrongful conduct," and, consequently, have

12    violated § 17200.

13    To the extent any such allegedly unlawful conduct is based on a violation of TILA

14    (see, e.g., Compl. ¶ 21), the Second Cause of Action is subject to dismissal, because, as

15    discussed above, the Madrigals have failed to allege a TILA claim against any named

16    defendant.[4]

17    To the extent any such allegedly unlawful conduct is, as the Madrigals' opposition

18    asserts, based on a claim that an individual or entity, unidentified in the Madrigals'

19    opposition, "fraudulently misrepresent[ed] the true terms of its loans" (see Pls.' Opp. at 8:8-

20    10), and on a claim that the Madrigals were "fraudulently induced to enter into the loan

21    _____

22    [2]To date, United has not appeared, and the file includes no indication it has been served.

23    [3]The complaint alleges that when the Madrigals "refinanced the loan on their
24    principal residence," the "transaction was brokered by [d]efendant United."  (See Compl.
     ¶ 8.)  A TILA claim cannot be brought against a mortgage broker that did not extend credit
25    in the transaction at issue.  See Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 269-273
     (4th Cir. 2008).

26    [4]In light of this finding, the Court does not consider OneWest's alternative argument
27    that a § 17200 claim, when based on a violation of TILA, is preempted by the Home
     Owners Loan Act.  The Court notes, however, that such argument is based, in part, on
28    OneWest's assertion that it is a "Federal Savings Bank" (see Def.'s Mot. at 9:18-24), which
     fact is not established by the record presently before the Court.

4

1    transaction" (see id. at 8:14-16), the Second Cause of Action is subject to dismissal,

2    because the Madrigals have failed to allege fraud with any specificity, let alone with the

3    specificity required by Rule 9(b).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097,

4    1100, 1103-04 (9th Cir. 2003) (holding where plaintiff bases claim under § 17200 on

5    allegation defendant "engaged in fraudulent conduct," plaintiff is required to comply with

6    Rule 9(b) with respect to such claim).

7         Accordingly, the Second Cause of Action is subject to dismissal.

8                              **CONCLUSION**

9         For the reasons stated above, OneWest's motion to dismiss is hereby GRANTED,

10   and the complaint is hereby DISMISSED for failure to state a claim.

11        In the event that the Madrigals can, in good faith, amend their complaint to cure the

12   deficiencies identified above, any First Amended Complaint shall be filed no later than

13   November 13, 2009.

14        The Case Management Conference is hereby CONTINUED from November 13,

15   2009 to January 29, 2010.  A Joint Case Management Statement shall be filed no later than

16   January 22, 2010.

17        **IT IS SO ORDERED.**

18

19   Dated:  October 21, 2009

20                                              MAXINE M. CHESNEY
                                                United States District Judge

21

22

23

24

25

26

27

28

5