IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MADRIGAL, et al., | No. C-09-3436 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT ONEWEST BANK'S MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT AGAINST ONEWEST BANK WITH PREJUDICE; VACATING HEARING; DIRECTIONS TO CLERK** |
| v. | |
| ONEWEST BANK, et al., | |
| Defendants | |

Before the Court is defendant OneWest Bank, FSB's ("OWB") "Motion To Dismiss Plaintiffs' First Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted Or, In The Alternative, For A More Definite Statement," filed December 8, 2009. Plaintiffs Edward Madrigal and Teresa Madrigal ("Madrigals") have filed opposition, to which OWB has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective papers, VACATES the hearing scheduled for February 19, 2010, and rules as follows.

**BACKGROUND**

In their First Amended Complaint ("FAC"), the Madrigals allege that, in November 28, 2006, they "refinanced the loan on their principal residence [in] Brisbane, CA 94005 with IndyMac Bank." (See FAC ¶ 8.) According to the Madrigals, the loan they obtained from IndyMac Bank ("IndyMac") had "Negative Amortization features," and the "Truth In

Lending Act Disclosure Statement" did not "mention" that the loan had such features. (See FAC ¶ 11.) Further, the Madrigals allege, "other disclosures in the loan documentation [made] it unclear that Negative Amortization [would] occur." (See id.) Based on such allegations, the Madrigals allege, as their First Cause of Action, a claim for rescission under the Truth in Lending Act ("TILA").[1]

**DISCUSSION**

Under TILA, if a consumer "has a right to rescind a transaction under [TILA]," the consumer may "rescind the transaction as against any assignee of the obligation." See 15 U.S.C. § 1641(c). Accordingly, if the Madrigals establish that IndyMac Bank violated TILA, they may rescind as against OWB only if OWB is the "assignee" of the subject obligation.

By order filed October 21, 2009, the Court dismissed the First Cause of Action for the reason that the Madrigals had failed to allege sufficient facts to support a finding that OWB was a proper party to a claim under TILA, i.e., facts showing that OWB was the assignee of the subject obligation, and afforded the Madrigals leave to amend to allege such facts. By the instant motion, OWB, whom all parties agree is the current servicer of the obligation, argues the Madrigals have failed to cure the deficiency identified by the Court in its October 21, 2009 order.

In opposing OWB's motion to dismiss the initial complaint, the Madrigals relied on their allegation that OWB is the "successor by acquisition of Indy[M]ac." (See Compl., filed July 27, 2009, ¶ 5.) As discussed in the Court's October 21, 2009 order, such allegation would support a finding that OWB was the assignee of the subject obligation if IndyMac was the owner of the obligation at the time OneWest acquired the assets of IndyMac; the initial complaint, however, failed to allege that IndyMac owned the obligation at the time OWB allegedly acquired IndyMac's assets.

---

[1] The FAC also includes a Second Cause of Action, by which the Madrigals allege, as against United Financial Mortgage Corporation ("United") only, a claim pursuant to § 17200 of the California Business & Professions Code. By order filed December 28, 2009, the Court dismissed the Madrigal's claims against United; accordingly, the only remaining cause of action is the First Cause of Action.

In opposing the instant motion, the Madrigals again rely on their allegation that OWB is the "successor by acquisition of Indy[M]ac." (See FAC ¶ 5.) As OWB correctly points out, however, the Madrigals again fail to allege that IndyMac owned the obligation at the time OWB acquired IndyMac's assets. Nonetheless, the Madrigals argue, the TILA claim should proceed against OWB. As discussed below, the Court finds the Madrigals' arguments unpersuasive.

At the outset, the Court finds unpersuasive the Madrigals' first argument, in which they rely on their allegation that they did not receive "any notice that would indicate that the loan was sold or transferred by IndyMac prior to the acquisition of its assets by [OWB]." (See FAC ¶ 13.) Although not clearly expressed, the Madrigals appear to argue that because neither IndyMac nor any other entity had given the Madrigals, prior to the date on which OWB allegedly purchased IndyMac's assets, any notice that the obligation had been assigned to another entity, a reasonable inference can be drawn that IndyMac still owned the obligation at the time OWB purchased its assets. A complaint fails to state a claim, however, unless the allegations therein are sufficient to "nudge[ ]" the claim from "conceivable to plausible." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009). Here, the Madrigals point to no law requiring either the owner or the assignee of an obligation to provide notice of an assignment, and the Court is aware of none.[2] Nor do the Madrigals allege that, notwithstanding the lack of any legal requirement to provide notice, owners and/or assignees of obligations, as a matter of practice, provide notice of assignments. Consequently, because lack of notice of an assignment is not indicative of a lack of assignment, the alleged lack of notice is insufficient to "nudge," from "conceivable" to "plausible," the Madrigal's claim that OWB is an assignee of the obligation. See id.; see also id. at 1949 (holding plaintiff, to state claim, must allege "more than a sheer possibility

---

[2] Upon "written request by the obligor," a servicer is required to provide the obligor with the "name, address, and telephone number of the owner of the obligation." See 15 U.S.C. § 1641(f)(2). The Madrigals do not allege that they have at any time sent OWB, whom all parties agree is the servicer of the subject obligation, a written request for such information.

that a defendant has acted unlawfully").

The Madrigals' second argument likewise is unavailing. Relying on <u>Hashop v. Federal Home Loan Mortgage Corp.</u>, 171 F.R.D. 208 (N.D. Ill. 1997), the Madrigals argue that OWB, in its capacity as the servicer, is a necessary party. In <u>Hashop</u>, the obligors therein had sued the owner of their respective obligations under the theory that the owner, through mortgage servicers, was breaching the terms of the obligations by incorrectly calculating the amount of escrow payments due. <u>See</u> <u>id.</u> at 210-11. Under those circumstances, the district court, observing that it was the servicers who actually determined the amounts due and would be required to "change their escrowing practices" if liability on the part of the owner was established, found the servicers were necessary parties. <u>See</u> <u>id.</u> at 211-12. Here, by contrast, the Madrigals do not allege that OWB has in any way failed to properly service the obligation. Rather, the only violation alleged is a violation of TILA occurring at the time the Madrigals entered into the transaction with IndyMac. In short, unlike in <u>Hashop</u>, the actions of the servicer are not at issue herein.

Accordingly, the First Cause of Action is subject to dismissal.

In their opposition, the Madrigals request another opportunity to amend in the event the Court grants the instant motion. The Madrigals, however, fail to identify, or even suggest, any additional allegation they could make to establish OWB is a proper party to a claim under TILA, and no such additional allegation is apparent. Consequently, further leave to amend, as against OWB, will be denied.

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the First Amended Complaint is, as against OWB, hereby DISMISSED with prejudice and without leave to amend.

The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: February 9, 2010

MAXINE M. CHESNEY
United States District Judge

4